UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

LARRY LYLE LASKO,                           :
                                            :
       Plaintiff,                          :
                                            :   CIVIL NO. 3:CV-06-2126
       v.                                  :
                                            :   (JUDGE VANASKIE)
HARRELL WATTS, ET AL.,                      :
                                            :
       Defendants.                         :

M E M O R A N D U M

I.      Introduction.

On October 30, 2006, Plaintiff, Larry Lyle Lasko, an inmate incarcerated at the Schuylkill Federal Correctional Institution in Minersville, Pennsylvania ("FCI-Schuylkill"), filed a Complaint premised upon claims asserted under Bivens,[1] the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., and the Americans with Disabilities Act, 42 U.S.C. § 12132, for defendants' alleged mishandling of his Hepatitis C condition, his exposure to contagious diseases from other inmates, the denial of access to the courts, and acts of retaliation for

---

[1] In Bivens, the Supreme Court held that a plaintiff may obtain damages for injuries caused by a federal agent acting "under color of his authority" in violation of a claimant's constitutionally protected rights. Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395 (1971).

complaining of these alleged wrongdoings.[2]  Presently before the Court are two motions filed by Plaintiff seeking to add additional claims to his present action: (1) Motion for Joinder of Claims (Dkt. Entry 52); and (2) Second Motion for Joinder of Claims (Dkt. Entry 56).  For the reasons that follow, Plaintiff's motions will be denied.

II.     Relevant Factual and Procedural Background.

On June 6, 2007, defendants filed a motion for summary judgment (Dkt. Entry 18).  Following Lasko's September 11, 2007, brief in opposition to defendants' potentially dispositive motion, Plaintiff filed the present motions for joinder of claims.

In his first Motion for Joinder, Lasko seeks to add the following claims which he administratively exhausted (either via the BOP's administrative remedy process and/or the administrative tort claims process) after the initiation of this action: (1) an FTCA Claim related to the denial of appropriate care for his Methicillin Resistant Staphylococcus Aureus ("MRSA") infection and the discontinuation of his Hepatitis C treatment (See dkt. entry 53 at R. 4);[3] and (2) a Bivens and FTCA claim pertaining to this alleged retaliatory transfer to less desirable housing conditions as a result of his refusal to participate in the Financial Responsibility

---

[2] Defendants are Harrell Watts, National Inmate Appeals Administrator, Federal Bureau of Prisons ("BOP"); D. Scott Dodrill, Northeast Regional Director, BOP; and the following BOP employees assigned to FCI Schuylkill: Ronnie Holt, Warden; Dr. Russell C. Hendershot; Edgardo Ong, Health Services Administrator; M. Wambach, Physicians Assistant; Mr. Header, Law Library Education Supervisor; Amy Leonard, Unit Manager; M. Plesh, Unit Manager, and D. Shires, Counselor.

[3] "R." or "RR." references are to the CM/ECF pagination of the document cited.

Program ("FRP") which "kept [him] from litigating a civil claim." (Id. at R. 21.)  In his second Motion for Joinder (Dkt. Entry 56), Lasko seeks to add the following claims, which he again concedes were administratively exhausted following the initiation of this action: (1) an FTCA claim related to the lack of "sufficient access to a photocopy machine to conduct [his] legal activities" (Id. at R. 10); and (2) an FTCA claim of denial of proper medical care.  (Id. at R. 16).

III.	Discussion.

Lasko filed his motions for joinder after defendants' filed their motion for summary judgment, and a month or more after Lasko filed his response to defendants' motion for summary judgment.   Lasko was not diligent in presenting his requests for joinder.  To permit Lasko to amend his complaint at this point in the litigation would prejudice defendants.  Furthermore, the complaint filed by Lasko asserts claims based on the denial of adequate medical care, denial of access to the courts, and retaliation.  His motions for joinder clearly make allegations against other defendants and involve more than one transaction.  The actions related to his alleged access to the copy machines occurred as far back as 2006, according to Lasko, and the issues related to his transfer to an unsatisfactory housing unit due to his FRP status did not occur until 2007 and was a decision made by others than the presently named defendants.  Rule 18(a) of the Federal Rules of Civil Procedure only allows a plaintiff to join "either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."  Rule 20 of the Federal Rules of Civil Procedure only

allows the joinder of several parties if the claims arise out of a single transaction and contain a question of fact or law common to all the defendants.  By naming multiple defendants and including numerous transactions, Lasko's motions for joinder do not comport with Rule 18 and Rule 20 of the Federal Rules of Civil Procedure.  Consequently, Lasko's Motions for Joinder will be denied.

        An appropriate Order follows.

                              s/ Thomas I. Vanaskie  
                              Thomas I. Vanaskie  
                              United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

LARRY LYLE LASKO,                     :
                                      :
            Plaintiff,                :
                                      :   CIVIL NO. 3:CV-06-2126
        v.                            :
                                      :   (JUDGE VANASKIE)
HARRELL WATTS, ET AL.,                :
                                      :
            Defendants.               :

O R D E R

NOW, this 3rd day of JULY, 2008, for the reasons set forth in the foregoing Memorandum, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion for Joinder (Dkt. Entry 52) is DENIED.

2. Plaintiff's Second Motion for Joinder (Dkt. Entry 56) is DENIED.

> s/ Thomas I. Vanaskie
> Thomas I. Vanaskie
> United States District Judge